UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60573-CIV-SINGHAL

DENIS JOSE ZELEDON RAMIREZ,

     Petitioner,

v.

MARCOS CHARLES, *et al.,*

     Respondents.

_____/

## ORDER

**THIS CASE,** like hundreds if not thousands of immigration-related cases resolved by United States District Courts in the past several months, is simply about the ordinary meaning of plain text written by Congress.  Here, the government apparently mistakenly classified Petitioner Denis Zeledon Ramirez as an admitted alien.  But instead of giving him the bond hearing that admitted aliens are entitled to upon detention, the government waited.  Then the government tried to correct its mistake and nearly one month later, reclassified Petitioner as a present alien who was not admitted or paroled.  Based on the second classification, the government has refused to give Petitioner a bond hearing. While the second classification removes the entitlement to bond, it does not alter the reality that for several weeks, Petitioner was classified as having been lawfully admitted to the United States.  The government should have granted Petitioner a hearing based on its initial determination.  Accordingly, the Petition for Writ of Habeas Corpus (DE [1]) is granted.

I.      <u>BACKGROUND</u>

Petitioner is a Nicaraguan citizen and national, and he entered the United States

on October 17, 2023 under the Nicaraguan parole process. (DE [1-5], [1-4]).  Petitioner was granted parole until October 15, 2025.  (DE [1-4]).  On June 12, 2025, United States Citizenship and Immigration Services terminated his parole early.  (DE [8-2] at 3).  On November 23, 2025, Petitioner attempted to enter the Naval Air Station on Boca Chica Key to renew his federal identification required for his work on Naval property.  (DE [1] ¶ 32, [8-2] at 3).  Petitioner was detained, and on November 24, 2025 Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear (DE [1-12] at 3) and a Warrant for Arrest of Alien (DE [1-13]).  In the Notice to Appear (DE [1-12] at 3), DHS selected that Petitioner had been admitted into the United States but was still removable.



*Id.*  The Warrant for Arrest of Alien (DE [1-13]) was authorized under section 236 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226.  Also on November 24, 2024, DHS issued Petitioner a Notice of Custody Determination (DE [1-14]), authorizing his detention—rather than granting him bond—under 8 U.S.C. § 1226.  In the section where Petitioner could request or decline a bond hearing, he made no selection, and instead refused to sign.  (DE [1-14]).  This same document also indicates Petitioner was without counsel at the time and the form was translated to him.

After 24 days, DHS issued another Notice to Appear, this time designating Petitioner as an alien present in the United States who has not been paroled or admitted.  (DE [8-3]).  Petitioner requested a bond hearing, but the immigration judge denied Petitioner's request, stating that he lacked jurisdiction to hold a bond hearing under *Matter*

*of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]  Petitioner filed the present Petition for

Writ of Habeas Corpus (DE [1]), the government responded (DE [8]), Petitioner replied,

(DE [15]), and the Court held a hearing on March 24, 2026. The Petition (DE [1]) is ripe

for the Court's review.

## II.   LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a).

Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v.

Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner

who demonstrates that he is being held in custody in violation of the Constitution or federal

law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving

immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Unlike many of the petitions this Court receives, where the immigrant is an

*applicant for admission* under 8 U.S.C. § 1225, *see Morales v. Noem*, -- F.Supp.3d --,

2026 WL 236307 (S.D. Fla. Jan. 29, 2026), here the government deemed the Petitioner

to be admitted into the United States.  Although maybe an error, someone, at some point,

believed that Petitioner was admitted and accordingly checked the box on his Notice to

Appear.  (DE [1-13]).  Unlike applicants for admission under 8 U.S.C. § 1225, admitted

aliens are entitled to a bond hearing under 8 U.S.C. § 1226(a), and the bond hearing must

be without delay.  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations

provide that aliens detained under § 1226(a) receive bond hearings at the outset of

---

[1] The Court continues to take issue with immigration judges claiming they lack jurisdiction.  They may lack *authority* to grant bond under *Matter of Yajure Hurtado*, but they do not lack jurisdiction to hold a hearing. For example, this Court has recognized that in some cases it lacks authority to order a bond hearing.  *See Morales v. Noem*, -- F.Supp.3d --, 2026 WL 236307 (S.D. Fla. Jan. 29, 2026).  But the Court still has jurisdiction to decide the petition for writ of habeas corpus requesting a bond hearing.

detention.").  For the 24 days between when the government determined Petitioner was admitted and when the government changed Petitioner's designation, Petitioner was entitled to a bond hearing.  *See Jennings*, 583 U.S. at 306.  But the government never gave him one.  That must be corrected.  Whether Petitioner is entitled to bond is a separate issue better left in the capable hands of the immigration judge.  But it is clear that based on the government's initial designation, Petitioner is entitled to a bond hearing.

IV.   CONCLUSION

Since the government initially determined that Petitioner was admitted into the United States, he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.

2. Respondents shall provide Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) by **April 3, 2026.**

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE