UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60573-CIV-SINGHAL

DENIS JOSE ZELEDON RAMIREZ,

      Petitioner,

v.

MARCOS CHARLES, *et al.,*

      Respondents.

_____/

## ORDER

**THIS COURT ORDERED** that Petitioner be given an individualized bond hearing because, for 24 days, Petitioner had been designated an admitted alien.  (DE [18]).   At the hearing though, the immigration judge determined, and the parties agreed, that Petitioner was an arriving alien.  (DE [21-1] at 3).  Immigration judges lack jurisdiction to grant bond to arriving aliens.  8 C.F.R. § 1003.19(h).  Since Petitioner met the definition of an arriving alien, the immigration court determined it "lacks authority to set conditions of bond that it might otherwise set for the [Petitioner]."  (DE [21-1] at 3).

The immigration judge complied with this Court's Order (DE [18]).  The immigration judge held an individualized bond hearing as required.  That the immigration judge, under the relevant regulations, lacks jurisdiction to grant Petitioner bond is beyond this Court's control.  This Court cannot convey jurisdiction to the immigration judge that he otherwise lacks.

It is important to remember how this case arrived at its current posture.  On Petitioner's Notice to Appear, the Department of Homeland Security ("DHS") checked the

box that Petitioner was an admitted alien.  Then 24 days later, DHS issued another Notice to Appear, this time indicating Petitioner was an alien present who had not been admitted. This Court recognized that the first Notice to Appear was likely a mistake. Notwithstanding, the Court ordered a bond hearing because, for those 24 days prior to DHS correcting the mistake, Petitioner would have been entitled to a bond hearing.  But at no point did the Court make factual findings that Petitioner actually was admitted.  The Court's Order was based on DHS's designation that Petitioner was an admitted alien. Such designation entitled Petitioner to a bond hearing for those 24 days.  Petitioner received the bond hearing.  At the bond hearing, the immigration judge found—and Petitioner agreed—that Petitioner was an arriving alien.  It followed that the immigration judge lacked jurisdiction.

Having carefully reviewed the entirety of the immigration judge's Order, this Court finds nothing the immigration judge did contravened this Court's Order.  The immigration judge followed the Order and held the hearing.  But the immigration judge determined that he could not give Petitioner bond.  Petitioner has received all the relief that this Court ordered.  (DE [18]).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Motion to Enforce the Court's Order (DE [19]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

2